UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Sterling Moses, | ) | Civil Action No.: 4:19-cv-02753-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cowabunga, Inc. and Domino's Pizza, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends granting Defendants' motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5) and granting Defendants' motion to dismiss filed pursuant to Fed. R. Civ. P. 41(b).[1]  *See* ECF No. 20.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

No parties have filed objections to the R & R, and the time for doing so has expired.[2] In the

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe the pleadings of pro se litigants such as Plaintiff. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

[2] Plaintiff's objections were due by January 13, 2020. *See* ECF Nos. 20 & 21.

absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having thoroughly reviewed the record for clear error, the Court **ADOPTS IN PART** the Magistrate Judge's R & R [ECF No. 20], **GRANTS** Defendants' Rule 41(b) motion to dismiss based upon Plaintiff's failure to prosecute, and **DISMISSES** this action *with prejudice*.[3]

**IT IS SO ORDERED.**

Florence, South Carolina  
January 14, 2020

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge

---

[3] *See* Fed. R. Civ. P. 41(b) (providing that a dismissal for failure to prosecute "operates as an adjudication on the merits"). Defendants ask for dismissal with prejudice in their Rule 41(b) motion. *See* ECF No. 17. The Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), explicitly warning Plaintiff that the Court could grant Defendants' Rule 41(b) motion if he failed to respond. *See* ECF No. 18; *see generally Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989) (finding the district court did not abuse its discretion in dismissing a case with prejudice due to "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order").

The Court need not address Defendants' motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5) which, if granted, would have required a dismissal without prejudice. *See Hong Tang v. Univ. of Baltimore*, 782 F. App'x 254, 255–56 (4th Cir. 2019).